# EXHIBIT A



**KENTUCKY**
COURT OF JUSTICE

**26-CI-001436**

### AL-NUR MOSQUE/ISLAMIC CENTER, INC. VS. LIBERTY MUTUAL INSURA

**JEFFERSON CIRCUIT COURT**

Filed on **02/18/2026** as **CONTRACT - OTHER** with **HON. PATRICIA "TISH". MORRIS**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Case Memo | 26-CI-001436 |
|---|---|

*CONTRACT-OTHER jury fee paid*

| Parties | 26-CI-001436 |
|---|---|

**AL-NUR MOSQUE/ISLAMIC CENTER, INC.** as **PLAINTIFF / PETITIONER**

**Address**

2815 S. 4TH STREET
LOUISVILLE KY 40208

**LIBERTY MUTUAL INSURANCE COMPANY** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

P.O. BOX 5014
SCRANTON PA 18505

**Summons**

**CIVIL SUMMONS** issued on **02/18/2026** served / recalled on **03/09/2026** by way of **CERTIFIED MAIL**
*9236090194038357633645Successful*

**COLLINS, STEPHANIE L** as **ATTORNEY FOR PLAINTIFF**

**Address**

LAW OFFICES OF BLAKE R. MAISLIN, LLC
7315 DIXIE HIGHWAY
FLORENCE KY 41042

**CORPORATION SERVICE COMPANY** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is LIBERTY MUTUAL INSURANCE COMPANY

**Address**

315 HIGH STREET
FRANKFORT KY 40601

| Documents | 26-CI-001436 |
|---|---|

**COMPLAINT / PETITION** filed on **02/18/2026**

| Images | 26-CI-001436 |
|---|---|

**COMPLAINT / PETITION** filed on **02/18/2026**   *Page(s): 18*

**SUMMONS** filed on **02/18/2026**   *Page(s): 1*

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **02/18/2026**   *Page(s): 1*

**SUMMONS - RETURN OF SERVICE** filed on **03/10/2026**   *Page(s): 2*

**\*\*\*\* End of Case Number : 26-CI-001436 \*\*\*\***

NOT ORIGINAL

DOCUMENT

PM

03/26/2026 03:16:00

89824-8

**COMMONWEALTH OF KENTUCKY**
**JEFFERSON COUNTY CIRCUIT COURT**
**JEFFERSON COUNTY, KENTUCKY**
**DIVISION NO.: _____**

| | |
|---|---|
| **AL-NUR MOSQUE/ ISLAMIC CENTER, INC.**<br>**2815 S 4TH ST,**<br>**LOUISVILLE, KY 40208-1301**<br><br>        **Plaintiff,**<br><br>*-vs.-*<br><br>**LIBERTY MUTUAL INSURANCE COMPANY,**<br>**Serve Registered Agent**<br>**Corporation Service Company**<br>**315 HIGH STREET**<br>**FRANKFORT, KY 40601**<br><br>        **Defendant.** | Case No: _____<br>Judge: _____<br><br><br><br><u>**COMPLAINT**</u><br><br><br><br><u>**Jury Trial Demanded**</u> |

**NOW COMES Plaintiff, Al-Nur Mosque/Islamic Center, Inc.,** by and through undersigned counsel, and states this Complaint against the named Defendant, as follows:

## I.  THE PARTIES

1. Plaintiff Al-Nur Mosque/Islamic Center Inc. is a nonprofit religious organization that owns and occupies 2815 S 4th St, Louisville, KY 40208-1301 and has operated the property as a Mosque.

2. Defendant Liberty Mutual Insurance Company (Liberty Mutual) is an insurance company which issued property policy number BKS 586744337 to the Plaintiff,

Page 1 of 18

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000001 of 000018

Filed          26-CI-001436          02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
PM

03/26/2026 03:16:00

89824-8

Al-Nur Islamic Center, that provided coverage for the Mosque generally.

3. A copy of the Policy is attached to this Complaint.

4. The Policy was in full force and effect on March 14th, 2025.

## II. JURISDICTION AND VENUE

**4.** Jurisdiction is properly invoked in the Jefferson County Circuit Court, as this Court has jurisdiction over actions for, *inter alia.,* breach of an insurance contract, and for bad faith, arising from the failure to indemnify an insured for a covered loss and for remediation and restoration services, in which the subject property is located in Jefferson County, Kentucky.

**5.** Venue is proper in Jefferson County, Kentucky, as the subject property is in Jefferson County, the material events of the subject property loss occurred in said county and the Defendant conducts substantial business within Jefferson County, Kentucky.

## III. STATEMENT OF FACTS

**6.** The subject property, located **at 2815 S 4Th St, Louisville, KY 40208-1301,** is a Mosque, in which, the Roof, Gutters and Interior, *inter alia.,* sustained damage, resulting from a Wind, Hail, on or about March 14th, 2025**.**

**7.** Plaintiff, Al-Nur Islamic Center, reasonably expected to have coverage for the property damage arising from a significant Wind and Hail storm, which occurred on or about March 14th, 2025.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000002 of 000018

Filed          26-CI-001436          02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM
89824-8

**8.** The Plaintiff promptly notified Liberty Mutual Insurance Company of the occurrence and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject commercial liability insurance policy, which was, in full force and effect, on the date of the subject loss.

**9.** As a result of the subject covered loss, the Roof, Gutters and Interior sustained significant damage.

**10.** Defendant failed to perform a reasonable inspection of the Roof, Gutters and Interior and refused to fully and/or adequately indemnify the Plaintiff, Al-Nur Islamic Center, for the covered loss.

**11.** The Plaintiff had placed reasonable reliance upon the Defendant that said Defendants would act in good faith, engage in fair dealing, meet the reasonable expectations of the insured, process and adjust the claim in good faith and promptly indemnify the Plaintiff, Al-Nur Islamic Center, for their losses, in an amount, yet to be determined, but in excess of the statutory jurisdictional minimum for this Circuit Court, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

**12.** Plaintiff, Al-Nur Islamic Center, restates and re-alleges the allegations contained in Paragraphs One through Eleven (1-11) of this Complaint with the same force and effect, as though fully rewritten herein.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000003 of 000018

Filed          26-CI-001436    02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM
89824-8

13. The Plaintiff placed reasonable and justifiable reliance upon Liberty Mutual Insurance Company to perform the reasonable and necessary services to adjust the subject Wind and Hail loss and to adequately indemnify Plaintiff, Al-Nur Islamic Center, for the subject loss.

14. The elements for a breach of contract require proof of the existence of a contract, of a breach of that contract, and that the breach caused damages." See *EQT Production Company v. Big Sandy Company, L.P.*, 590 S.W.3d 275, 293 (Ky. App. 2019); see also, *Wood v. State Farm Fire & Cas. Co.*, 2020 Ky. App. Unpub. LEXIS 259, *7, 2020 WL 1898401.

15. Under the doctrine of reasonable expectations, it has been held that it cannot be accepted as a fact that the parties in good faith intended to bargain for insurance that paid no benefits. *Simon, supra*; see also *Home Folks Mobile Home, Inc. v. Meridian Mutual Insurance Company*, Ky. App., 744 S.W.2d 749 (1987); *Moore v. Commonwealth Life Insurance Company*, Ky. App., 759 S.W.2d 598 (1988). Cf. *Woodson v. Manhattan Life Insurance Company*, Ky., 743 S.W.2d 835 (1987). *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279, 1991 Ky. LEXIS 88, *16-17, 22 ELR 20442, 34 ERC (BNA) 1700.

16. When the terms are ambiguous, Kentucky's reasonable-expectations doctrine applies: the court interprets the terms "in favor of the insured's reasonable expectations and construe[s] [them] as an average person would construe them." *Crutchfield,* 527 F.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000004 of 000018

Filed          26-CI-001436    02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM
89824-8

App'x at 342 (citing *Hugenberg v. W. Am. Ins. Co.*, 249 S.W.3d 174, 185-86 (Ky. Ct. App. 2006)). In other words, "the insured is entitled to all the coverage he may reasonably expect to be provided under the policy." *Wolford v. Wolford,* 662 S.W.2d 835, 838 (Ky. 1984). "Only an unequivocally conspicuous, plain and clear manifestation of the company's intent to exclude coverage will defeat that expectation." *Id*. at 838-39.

17.  The reasonable-expectations doctrine complements Kentucky's public policy favoring broad coverage in insurance contracts. When the terms of the contract are ambiguous, any exclusions should be read to give maximum coverage, with any doubts resolved in the insured's favor.[1]

18.  In this case, Liberty Mutual Insurance Company owed a duty of good faith and fair dealing to the Plaintiff, Al-Nur Islamic Center, in carrying out its duties under the subject insurance policy.

19.  Liberty Mutual Insurance Company breached its duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

(a)  failing to promptly and reasonably adjust and pay the Plaintiffs' claim;

(b) failing to establish a reasonable justification for the denial of the Plaintiffs' claim;

_____

[1] See *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 564 (6th Cir. 2008) (citing *Dowell v. Safe Auto Ins. Co.*, 208 S.W.3d 872, 878 (Ky. 2006); *St. Paul Fire & Marine Ins. Co. v. Powell—Walton—Milward, Inc.,* 870 S.W.2d 223, 227 (Ky. 1994); *K.M.R. v. Foremost Ins. Group*, 171 S.W.3d 751, 753 (Ky. Ct. App. 2005)); see *Auto Club Property-Casualty Ins. Co. v. B.T.,* 596 Fed. Appx. 409, 412, 2015 U.S. App. LEXIS 670, *5-6, 2015 FED App. 0034N (6th Cir.), 2015 WL 151702.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000005 of 000018

Filed          26-CI-001436      02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM
89824-8

(c)  taking advantage of the Plaintiffs' vulnerable position in order to force the Plaintiffs to accept an unfair settlement of their claim;

(d)  failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiffs' claim from its inception;

(e)   failing to properly analyze the cause of the loss and/or the applicable coverage;

(f)  failing to properly review the analysis contained in any reports related to the loss in its possession;

(g)  failing to properly review the available evidence related to the loss;

(h)  failing to perform a good faith analysis of the loss;

(i)   failing to prepare a good faith estimate of damages caused by the loss;

(j)   refusing Plaintiffs' reasonable requests for information;

(k) failing to indemnify the Plaintiff, Al-Nur Islamic Center, for their losses and damages within a reasonable period of time;

(l)  failing to properly train, supervise and/or instruct its adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject property;

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000006 of 000018

Filed          26-CI-001436      02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

Filed        26-CI-001436    02/18/2026        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM
89824-8

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by Plaintiff, Al-Nur Islamic Center, in accordance with the governing policy of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject property, as provided for in the subject policy of insurance;

(q) acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

(r) engaging in other wrongful acts or omissions to be shown at trial on the merits.

20.  As a direct and proximate result of the above-referenced material breach of the insurance contract by Liberty Mutual Insurance Company, Plaintiff, Al-Nur Islamic Center, have incurred damages, in an amount, yet to be determined, but in excess of the jurisdictional statutory minimum, for this Circuit Court, according to proof at trial.

21. To the extent the conduct of the Defendants is shown to be willful, wanton, fraudulent and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiffs, Al-Nur Islamic Center, is entitled to an award of punitive damages, in an amount, yet to be determined, but in excess of the jurisdictional statutory minimum, for this Circuit Court, according to proof at trial.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000007 of 000018

Filed        26-CI-001436    02/18/2026        David L. Nicholson, Jefferson Circuit Clerk

Filed    26-CI-001436    02/18/2026    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL

DOCUMENT

03/26/2026 03:16:00

PM

89824-8

## COUNT II:  BAD FAITH

**22.**   Plaintiff, Al-Nur Islamic Center, restates and re-alleges each and every allegation contained in Paragraphs One through Twenty-one (1-21), with the same force and effect, as if fully rewritten herein.

**23.**   As an insurer, Liberty Mutual Insurance Company, its management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event. In Kentucky, the elements of a claim "for bad faith based on an insurer's denial of coverage" are (1) an obligation on the part of the insurer to pay the claim under the terms of the policy; (2) lack of a reasonable basis in law or fact for denying the claim; and (3) knowledge on the part of the insurer that there was no reasonable basis for denying the claim or reckless disregard on the part of the insurer for whether such a basis existed. *Pizza Magia Int'l, LLC v. Assurance Co. of Am.,* 447 F. Supp. 2d 766, 779 (W.D. Ky. 2006) (citing *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)); *Arnold v. Liberty Mut. Ins. Co.,* 392 F. Supp. 3d 747, 776, 2019 U.S. Dist. LEXIS 88860, *54, 2019 WL 2271738.

**24.**   Defendant's wrongful failure to promptly and reasonably adjust the subject loss claim, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured policy owner.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000008 of 000018

Filed    26-CI-001436    02/18/2026    David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001436          02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/26/2026 03:16:00 PM
89824-8

**25.** As a direct and proximate result of Defendant's bad faith conduct, Plaintiff, Al-Nur Islamic Center, has been damaged, in an amount, yet to be determined, but in excess of the jurisdictional statutory minimum, for this Circuit Court, according to proof at trial.

**26.** To the extent the conduct of the Defendants is shown to be willful, wanton, fraudulent and/or done in conscious disregard for the property interests of the Plaintiffs, then the Plaintiff, Al-Nur Islamic Center, is entitled to an award of punitive damages.

### COUNT III: STATUTORY BAD FAITH CLAIM UNDER UCSPA

**27.** Plaintiff, Al-Nur Islamic Center, restate and re-allege the allegations contained in Paragraphs One through Twenty-six, (1-26), with the same force and effect, as though fully rewritten herein.

**28.** Defendants owed the duty of good faith and fair dealing to the Plaintiff, Al-Nur Islamic Center.

**29.** Defendants have breached that duty owed to the Plaintiff, Al-Nur Islamic Center, by, *inter alia.,* (a) misrepresenting pertinent facts or insurance policy provisions relating to the coverage at issue; (b) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy; (c) failing to adopt and implement reasonable standards for the prompt investigation of insurance claims; (d) refusing to pay claims without having conducted a reasonable investigation based upon all available information; and (e) failing to affirm or deny

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000009 of 000018

Page 9 of 18

Filed    26-CI-001436    02/18/2026    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM
89824-8

coverage of claims within a reasonable time after receiving notice. See *Ind. Ins. Co. v. Demetre*, 527 S.W.3d 12, 24, 2017 Ky. LEXIS 364, *26-27.

**30.** The UCSPA prohibits a number of different "acts or omissions" including, but not limited to, misrepresenting pertinent facts or policy provisions relating to coverage; failing to promptly acknowledge and respond to claims; failing to adopt and implement standards for prompt investigation of claims; refusing to pay claims without first conducting a reasonable investigation; failing to affirm or deny coverage within a reasonable period of time; and not attempting in good faith to reach a prompt, fair and equitable settlement  of claims on which liability is reasonably clear. KRS 304.12-230.

**31.** "The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is contractually obligated to pay." *Davidson,* 25 S.W.3d at 100. Although the UCSPA does not include a private right of action provision, KRS 446.070 allows a person injured by a violation of any Kentucky statute to recover damages from the offender. Thus, "KRS 446.070 and KRS 304.12-230 read together create a statutory bad faith cause of action." *State Farm Mut. Auto Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988); see also *Ind. Ins. Co. v. Demetre*, 527 S.W.3d 12, 26, 2017 Ky. LEXIS 364, *31-32.

**32.**  Further, it has been held that, under Kentucky law, a bad faith claim against an insurer under the UCSPA does not fail as a matter of law simply because any claim

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000010 of 000018

Filed    26-CI-001436    02/18/2026    David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001436     02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM
89824-8

for breach of contract against the insurer is barred by the applicable running of the statute of limitations. See *Price,* 37 F. Supp. 3d at 897-98; *Barjuca,* 2013 U.S. Dist. LEXIS 176522, 2013 WL 6631999 at *9-10; *Tennant v. State Farm Ins. Co.,* No. 04-cv-54-, 2006 U.S. Dist. LEXIS 8439, 2006 WL 319046, at *7-8 (E.D. Ky. Feb. 10, 2006); see also *Elliott v. Liberty Mut. Fire Ins. Co.,* No. CIV. 09-178-GFVT, 2010 U.S. Dist. LEXIS 87949, 2010 WL 3294417, at *2-3 (E.D. Ky. Aug. 19, 2010) (same in context of third-party bad faith claim against tortfeasor's insurance carrier where breach of contract claim was barred by statute of limitations); see *Myers v. Agrilogic Ins. Servs., LLC*, 2019 U.S. Dist. LEXIS 9314, *3-4, 2019 WL 254652 (E.D., Ky.)

**33.** Defendant has wrongfully refused to indemnify the Plaintiff, Al-Nur Islamic Center, for, *inter alia.,* their losses and damages sustained during the Wind, Hail, which occurred on or about March 14th, 2025.

**34.** Defendant did not have (and do not have) a reasonable basis in law or fact for the failure and refusal to properly indemnify the Plaintiff, Al-Nur Islamic Center, for the damage*, inter alia.,* to the Roof, Gutters and Interior, arising from the covered event, as alleged herein.

**35.** Defendant knew it had no reasonable basis for the wrongful failure to properly indemnify the Plaintiff, Al-Nur Islamic Center, and/or acted with reckless disregard and/or reckless indifference toward the Plaintiff in the handling of, *inter alia.,* their property damage claim. In failing to properly negotiate and address the property

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000011 of 000018

Filed          26-CI-001436     02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT

03/26/2026 03:16:00 PM

89824-8

damage claim of the Plaintiff, Al-Nur Islamic Center, Defendants, Liberty Mutual Insurance Company, violated **KRS § 304.12-230**, **the Kentucky Unfair Claims Settlement Practices Act**, by committing one or more of the following actions or omissions:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(4) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(5) Failing to affirm or deny coverage of claims within a reasonable period of time after proof of loss statements have been completed;

(6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

(7) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

(8) Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

(9) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

(10) Making claims payments to insureds or beneficiaries not accompanied by statement setting forth the coverage under which the payments are being made;

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM

(11) Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

(12) Delaying the investigation or payment of claims by requiring an insured, claimant, or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

(13) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

(15) Failing to comply with the decision of an independent review entity to provide coverage for a covered person as a result of an external review in accordance with KRS 304.17A-621, 304.17A-623, and 304.17A-625;

(16) Knowing and willfully failing to comply with the provisions of KRS 304.17A-714 when collecting claim overpayments from providers; or

(17) Knowing and willfully failing to comply with the provisions of KRS 304.17A-708 on resolution of payment errors and retroactive denial of claims.

**36.** Defendant knew it had no reasonable basis for the denial of the claim and/or for partial denial of the claim and/or acted with reckless disregard and/or reckless indifference toward the claimant, in the handling of, *inter alia.,* the property damage claim, arising from covered event, as alleged herein

**37.** Accordingly, Plaintiff, Al-Nur Islamic Center, is entitled to be fully indemnified for their property damage losses, subject of this action, together with all

Page 13 of 18

Filed          26-CI-001436          02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM
89824-8

consequential damages and punitive damages, according to proof at trial, in an amount, yet to be determined, but in excess of the statutory minimum jurisdictional amount for this Circuit Court.

### COUNT IV: STATUTORY BAD FAITH CLAIM BY VIOLATION OF CPA

**38.** Plaintiff, Al-Nur Islamic Center, restate and re-allege the allegations contained in Paragraphs One through Thirty-seven, (1-37), with the same force and effect, as though fully rewritten herein.

**39.** Under Kentucky law, the purchaser of an insurance policy may resort to the protections of the CPA. See *Anderson v. National Sec. Fire and Cas. Co.,* 870 S.W.2d 432, 436 (Ky. Ct. App. 1993); *Stevens v. Motorists Mut. Ins. Co.,* 759 S.W.2d 819 (Ky. 1988); *Winburn v. Liberty Mut. Ins*. Co., 933 F. Supp. 664, 666, 1996 U.S. Dist. LEXIS 11888, *6.

**40.** The Consumer Protection Act prohibits "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or business" and grants a right of recovery to persons who have purchased or leased goods or services for personal, family or household purposes and in conjunction therewith have been injured by a prohibited act or practice. KRS §§ 367.170, 367.220. *See, e.g., Stevens v. Motorists Mut. Ins. Co.*, 759 S.W.2d 819 (Ky.1988) (homeowner's policy was purchase of "service" and homeowner had Consumer Protection Act claim where insurer intentionally misrepresented experts' report and arbitrarily refused to negotiate blasting damage claim). See also *Ind. Ins. Co. v. Demetre*, 527 S.W.3d 12, 26, 2017 Ky. LEXIS 364, *31

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000014 of 000018

Page 14 of 18

Filed    26-CI-001436    02/18/2026    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM
89824-8

**41.** Liberty Mutual Insurance Company has wrongfully refused to indemnify the Plaintiff, Al-Nur Islamic Center, for, *inter alia.,* damage to their Roof, Gutters, Interior, caused by a Wind, Hail, on or about March 14th, 2025.

**42.** Liberty Mutual Insurance Company did not have (and does not have) a reasonable basis in law or fact for the failure and refusal to properly indemnify Plaintiff, Al-Nur Islamic Center, for, *inter alia.,* damages to their Roof, Gutters, Interior  caused by a covered event or occurrence.

**43.** Defendant's improper failure to properly handle the Plaintiffs' property damage claim and losses, constitutes a violation of the **Consumer Protection Act**, which provides, in pertinent part:

> (1) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS § 367.170 may bring an action under the rules of civil procedure in the Circuit Court in which the seller or leasor resides or has his principle place of business or is doing business, or in the Circuit Court in which the purchaser or leasor of goods resides, or where the transaction in question occurred, to recover damages. The Court may in its discretion award actual damages and may provide such equitable relief as it deems necessary or proper. Nothing in the Subsection shall be construed to limit a person's right to seek punitive damages where appropriate.

**44.** KRS § 367.170 describes unlawful acts under The Consumer Protection Act:

(1) <u>Unfair, false, misleading or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.</u>    (2) For the purposes of this section, unfair shall be construed to mean unconscionable.

Page 15 of 18

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000015 of 000018

Filed          26-CI-001436          02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
PM
03/26/2026 03:16:00
89824-8

**45.**    Defendant's improper failure to properly handle the Plaintiffs' property damage claim and losses, consisted of a series of arbitrary and capricious actions, without reasonable factual basis or legal justification, thereby constituting a violation of the Consumer Protection Act.

**46.**    Accordingly, Plaintiff, Al-Nur Islamic Center, is entitled to be fully indemnified for their property damage losses, subject of this action, together with all consequential damages and punitive damages, according to proof at trial, in an amount, yet to be determined, but in excess of the statutory minimum jurisdictional amount for this Circuit Court.

<u>**RELIEF REQUESTED**</u>

**WHEREFORE**, **Plaintiff, Al-Nur Islamic Center,** by and through counsel, demand the following relief:

**A. Judgment against Defendant, Liberty Mutual Insurance Company,**    in an amount sufficient, to fully indemnify the Plaintiff, Al-Nur Islamic Center, for their property damage losses, together with all compensatory damages, contractual damages, reliance damages, consequential damages, statutory damages and punitive damages, according to proof at trial, in an amount, yet to be determined, but in excess of the statutory minimum jurisdictional amount for this Circuit Court.

**B.**    An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

**C.**    An award of pre-judgment interest; and

**D.**    Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000016 of 000018

Filed          26-CI-001436          02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001436     02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL

DOCUMENT

03/26/2026 03:16:00

PM

89824-8

Respectfully Submitted,

*/s/ Stephanie L. Collins*
Stephanie L. Collins (93873)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
7315 Dixie Highway
Florence, KY 41042
T: (859) 444-4444 Ext. 117
F: (513) 812-3690
E: scollins@maislinlaw.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff, Al-Nur Islamic Center, hereby demand a trial by jury on all issues so triable, pursuant to, *inter alia*, Ky. R. Civ. P. 38.02   and Ky. R. Civ. P. 39.01.

*/s/ Stephanie L. Collins*
Stephanie L. Collins (93873)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
7315 Dixie Highway
Florence, KY 41042
T: (859) 444-4444 Ext. 117
F: (513) 812-3690
E: scollins@maislinlaw.com
*Attorney for Plaintiff*

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested.  Should service be returned as "UNCLAIMED," then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

Page 17 of 18

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000017 of 000018

Filed          26-CI-001436   02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/26/2026 03:16:00
PM

*/s/ Stephanie L. Collins*          89824-8
Stephanie L. Collins (93873)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
7315 Dixie Highway
Florence, KY 41042
T: (859) 444-4444 Ext. 117
F: (513) 812-3690
E: scollins@maislinlaw.com
*Attorney for Plaintiff*

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000018 of 000018

Filed          26-CI-001436   02/18/2026          David L. Nicholson, Jefferson Circuit Clerk

AOC-E-105          Sum Code: CI
Rev. 9-14

DOCUMENT

PM

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **26-CI-001436**

Court:  **CIRCUIT**

County: **JEFFERSON Circuit**

NOT ORIGINAL
03/26/2026 03:16:07

89824-8

*Plaintiff,* **AL-NUR MOSQUE/ISLAMIC CENTER, INC. VS. LIBERTY MUTUAL INSURA**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**

**315 HIGH STREET**

**FRANKFORT, KY 40601**

Memo: Related party is LIBERTY MUTUAL INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**LIBERTY MUTUAL INSURANCE COMPANY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **2/18/2026**

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @00001137120
CIRCUIT: 26-CI-001436 Certified Mail
AL-NUR MOSQUE/ISLAMIC CENTER, INC. VS. LIBERTY MUTUAL INSURA



Page 1 of 1

**eFiled**

Filed        26-CI-001436    03/10/2026        David L. Nicholson, Jefferson Circuit Clerk

**UNITED STATES POSTAL SERVICE**™

NOT ORIGINAL DOCUMENT

03/26/2026 03:16:14 PM

89824-8

Date Produced: 03/10/2026

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8357 6336 45. Our records indicate that this item was delivered on 03/09/2026 at 09:41 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

COR : 000001 of 000002

Customer Reference Number:        C6589198.40325030

Filed          26-CI-001436   03/10/2026       David L. Nicholson, Jefferson Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER:  42040601923609019403835633645

MAILING DATE:          02/19/2026

DELIVERED DATE:    03/09/2026

Custom 1: DriverId-12903960

Custom 2: PartyId-83095966

Custom 3: SummonsNum-@00001137120

Custom 4: CentralMailId-285646

Custom 5: Source County-JEFFERSON Circuit

NOT ORIGINAL

03/26/2026 03:16:14

89824-8

MAIL PIECE DELIVERY INFORMATION:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

MAIL PIECE TRACKING EVENTS:

| | | | |
|---|---|---|---|
| 02/19/2026 10:21 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 | |
| 02/19/2026 13:11 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 | |
| 02/20/2026 19:58 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 | |
| 02/20/2026 21:13 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 | |
| 02/21/2026 15:32 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 | |
| 02/23/2026 08:02 | HELD AT POST OFFICE | FRANKFORT,KY 40601 | |
| 03/06/2026 08:50 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 | |
| 03/06/2026 09:14 | AVAILABLE FOR PICKUP | FRANKFORT,KY 40601 | |
| 03/09/2026 09:41 | DELIVERED INDIVIDUAL PICKED UP AT PO | FRANKFORT,KY 40601 | |

COR : 000002 of 000002